UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YENIER CRUZ GONZALEZ, | CASE NO. 2:25-cv-02663-JHC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Respondent. | |

This matter comes before the Court sua sponte.  On December 22, 2025, a petition for writ of habeas corpus was filed for Petitioner Yenier Cruz Gonzalez.  *See* Dkt. # 1.  The petition was submitted on Petitioner's behalf by "Next Friend of Petitioner," Herlim Cruz Gonzalez.  *Id*. at 4.  The petition was not accompanied by an IFP application or filing fee; nor was it properly signed and dated.  *See generally id*.; *see also* Dkt. ## 2 & 3.  On December 23, 2025, the Court sent notice of these filing deficiencies to Petitioner at the El Paso Processing Center in El Paso, Texas.  Dkt. ## 2 & 3.  The notices also stated that the deficiencies identified therein "must be corrected and filed with the Court by January 22, 2026."  *See id*.

On January 8, 2026, the filing deficiency notices were returned to the Court as undeliverable.  Dkt. # 7.  Soon after, Herlim Cruz Gonzalez filed a notice of change of address

ORDER - 1

on behalf of Petitioner, as well as various other documents and declarations. *See* Dkt. # 8. The Court then re-mailed the filing deficiency notices, as well as a blank habeas IFP application, to Petitioner's new address at the Krome North Service Processing Center in Miami, Florida. *Id*. As of the date of this order—January 27, 2026—the Court has not received an updated petition that addresses the filing deficiencies identified in the notices at Dkt. ## 2 & 3. Because these filing deficiencies have not been addressed, the Court must dismiss Petitioner's case.

The Court also notes that even if Petitioner were to resolve the filing deficiencies, the Court would still not be able to review the habeas petition submitted at Dkt. # 1. Under 28 U.S.C. § 2241, the general rule is that a district court can exercise jurisdiction over a habeas petition only if the petitioner is presently confined in the district where the petition is filed. *See Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024). As Petitioner is not currently located in the Western District of Washington, nor does the petition allege any facts suggesting that Petitioner was located in this district at any point during his detention, *see* Dkt. # 1 at 2, the Court appears to lack jurisdiction over Petitioner's habeas case. As the facts alleged in the petition at Dkt. # 1 suggest that the Western District of Washington will never be able to exercise jurisdiction over Petitioner's case (absent Petitioner being transferred to a detention facility within this district), the Court recommends that if Petitioner decides to refile his case, he does so in a district that will be able to exercise jurisdiction over his habeas petition.

For these reasons, the Court DISMISSES this case, including the petition at Dkt. # 1, without prejudice. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said parties' last known addresses.

//

ORDER - 2

Dated this 27th day of January, 2026.

John H. Chun
United States District Judge

ORDER - 3